C. N. Coby Cohen
Email: ccohen@rvflegal.com
*Attorney for Plaintiffs*
Rossi Vucinovich, P.C.
1000 Second Ave, Ste 1420
Seattle, WA  98104
Ph: 425-646-8003
Fx: 425-646-8004
CA Bar No. 202711

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **BRENDA ROBINSON** and **WILLIAM RAY**, | Case No. 2:22-cv-2931 |
| Plaintiffs, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK**, a District of Columbia Corporation | |
| Defendant. | |

Plaintiffs Brenda Robinson and William Ray ("Plaintiffs" or "Ms. Robinson" and "Mr. Ray"), by and through their undersigned counsel, and for their cause of action against

COMPLAINT - 1

Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Defendant" or "Amtrak"), a District of Columbia corporation, state and allege as follows:

## I.  PARTIES AND JURISDICTION

1. This Court has jurisdiction over Plaintiffs' claims against Defendant Amtrak pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* This action is timely commenced within the meaning of 45 U.S.C. § 56.

2. At all material times, Plaintiff Brenda Robinson was and is a resident of the State of California and an employee of Amtrak.

3. At all material times, Plaintiff William Ray was and is a resident of the State of California and an employee of Amtrak.

4. At all material times, Defendant was and is in the business of operating a system of railroad tracks in the Central District of California and in the State of California.

5. At all material times, Amtrak was an interstate carrier by rail and was engaged in interstate transportation and commerce in the Central District of California and in the State of California; Plaintiffs were employed by Amtrak as Conductors, and as such were working and engaged in the interstate transportation and commerce at the times hereinafter set forth, and at such times were working in the furtherance of Amtrak's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by Amtrak as a railroad common carrier for hire.

COMPLAINT - 2

## II. VENUE

6. The Central District of California is the appropriate venue for this action pursuant to 29 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to this claim occurred in the Central District of California.

## III. SUBSTANTIVE ALLEGATIONS

7. Plaintiff realleges and incorporates paragraphs 1 through 6, inclusive, as though fully set forth herein.

8. This lawsuit arises from a physical incident that occurred on May 5, 2019 that resulted in both physical and mental injuries to Ms. Robinson and Mr. Ray.

9. On that date, both Ms. Robinson and Mr. Ray were acting as Conductors on the Coast Starlight train (Amtrak train #11). At or about the time the train approached Paso Robles, San Luis Obispo County, California, an announcement was made to not step off the train unless this was the passengers' stop.

10. A passenger, later identified as Connor Fortier, had departed and reboarded the train despite this direction. As the train was preparing to depart the station, a discussion was had identifying that the passenger was in a bathroom.

11. Upon coming out, it was apparent that the passenger had been smoking on the train.

12. When the passenger came out, Ms. Robinson stepped back to avoid a physical confrontation. However, the passenger forcefully came at Ms. Robinson and assaulted her.

COMPLAINT - 3

13. Mr. Ray stepped in and indicated to the passenger that such action was not allowed on the train and directed the Engineer to stop the train.

14. Mr. Ray called 911 to obtain an emergency response to address the assault against Ms. Robinson.  During that call, the passenger then assaulted Mr. Ray as well, poking him in the eye and grabbing his head, resulting in them both falling to the floor with the passenger on top.  Mr. Ray bit the passenger to cease the attack against him.

15. However, the passenger again attacked Ms. Robinson, and thereafter again attacked Mr. Ray.

16. No trained security personnel had been assigned by Amtrak to work the train, and none were therefore present on the train to assist with the situation.

17. "The Amtrak Police Department (APD) is a national police force" employed within Amtrak.  https://police.amtrak.com/ (accessed May 3, 2022).  It represents that it is "committed to protecting . . . employees . . . of Amtrak" and that it operates in 46 states. *Id.* "APD is responsible for ensuring the safety and security of over 30 million customers traveling to more than 500 destinations in 46 states, the District of Columbia and three Canadian provinces, on more than 21,400 miles of routes." *Id.*

18. "Patrol Officers [of APD] fulfill traditional policing functions." https://police.amtrak.com/index.php/overview/patrol (accessed May 3, 2022).  "Their job is to act as a deterrent to crime . . . on trains . . . by enforcing laws, conducting follow-up investigations and providing support . . . on board trains[.]" *Id.*

COMPLAINT - 4

19. APD was not assigned to or stationed aboard the train where these injuries occurred and did not protect these employees from injury.

20. APD did not fulfill traditional policing functions aboard this train, did not deter the crimes committed by the passenger against these employees, and did not enforce laws or provide any support to the Plaintiffs.

21. Following several minutes of the attacks by the passenger against Ms. Robinson and Mr. Ray, Paso Robles Police officers finally arrived on the scene, boarded the train at the station at Paso Robles, California, and arrested and removed the aggressive and combative passenger from the train.

22. The train then went on to its next location.

23. No medical attention was provided to either Ms. Robinson or Mr. Ray by Amtrak that day, even at their final destination of San Luis Obispo, despite the fact that this incident occurred in the afternoon.

24. Ms. Robinson and Mr. Ray suffered significant and ongoing injuries from the passenger attack.

25. The Occupational Safety and Health Administration ("OSHA") conducted an inspection of Amtrak as a result of this incident on or about June 11, 2019.

26. The result of the OSHA investigation included a finding that "Amtrak has not implemented adequate measures to protect workers from assaults or other forms of physical violence in the workplace." OSHA went on to note that there had been "similar type of

COMPLAINT - 5

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

workplace violence incidents in the past and throughout the country." OSHA noted that "Amtrak has not provided workplace violence training which includes de-escalation techniques to employees. Regular safety meetings are not conducted with employees such as conductors and train attendants concerning these hazards. When interviewed, employees said they rely on passengers for help when there is a work place violence incident."

27. Amtrak has been sued numerous times across the country in just the past several years for passenger attacks on its employees leading to injuries and its lack of security personnel or adequate training of its employees to avoid such injuries.

28. Amtrak even acknowledged the scourge of passenger attacks on its employees in the months following this attack in Advisory Number OSA 21-63, in which Amtrak admitted that it was "aware of incidents involving our employees on our trains . . . being . . . assaulted by passengers." Amtrak further admitted that "[t]his is reprehensible behavior and we stand with our employees and support them 100 percent." Amtrak went on to state that "[a]ll employees should feel safe at work and none should ever have to worry about their own personal safety."

### IV.  COUNT ONE - NEGLIGENCE - FELA

29. Plaintiffs reallege and incorporate paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. At all times material herein, Defendant Amtrak was an interstate carrier by rail and was engaged in interstate transportation and commerce; Plaintiffs were in the

COMPLAINT - 6

employ of Defendant Amtrak; and at the time of the passenger attacks described in this Complaint, all or part of Plaintiffs' duties were in the furtherance of Defendant Amtrak's business of interstate commerce.

31.  The May 5, 2019, injuries sustained by Plaintiff came as a direct result, in whole or in part, of the negligence of Defendant Amtrak, its agents, employees and officers, in violation of the FELA, 45 U.S.C. § 51 *et seq.*

32.  Among other acts of negligence to be proven at trial, Defendant Amtrak was negligent by its:

    a.  Failure to provide Plaintiffs with a reasonably safe place in which to work as required by law;

    b.  Failure to provide adequate trained security personnel to address unruly and combative passengers;

    c.  Failure to utilize the Amtrak Police Department personnel to ensure the safety of the employees;

    d.  Failure to meet Amtrak's commitment and responsibilities to address known risks of employee harm at the hands of passengers;

    e.  Failure to properly train employees for known and foreseeable risks of physical assault on Amtrak trains;

    f.  Failure to aid Ms. Robinson and Mr. Ray while they were being attacked by an unruly and combative customer to ensure they were not significantly injured; and

    g.  Failure to provide prompt medical care to Ms. Robinson and Mr. Ray.

33.  As a direct result, in whole or in part, of the negligence of Defendant Amtrak, in violation of the FELA, Plaintiffs each individually sustained severe and potentially

COMPLAINT - 7

permanent and disabling physical and mental injuries, including, but not limited to: injuries to Ms. Robinson's shoulder, neck, back, the tissues and bones comprising such body parts, and to her psyche, including a diagnosis of PTSD; and injuries to Mr. Ray's neck, spine, back, torso, left eye, face, and head, and to his psyche.

34. Plaintiffs have suffered in the past, and will continue in the future to suffer, pain and anguish and loss of enjoyment of life.

35. As a direct result of the negligence of Defendant Amtrak, Plaintiffs have lost wages in the past, and may continue to lose wages in the future, and have sustained a permanent diminution of earning capacity and loss of fringe benefits, all in amounts to be proven by the evidence at the trial of this matter, including lost retirement benefits.

36. In an effort to treat, heal, and relieve each of their injuries, Plaintiffs have spent and will continue to spend monies for medical-related care and treatment, including the costs of attendance at such treatment.

## V. PRAYER FOR RELIEF

**THEREFORE,** Plaintiffs Brenda Robinson and William Ray respectfully pray that judgment be entered against Defendant Amtrak for general and special damages in the amount established by the evidence, together with all costs of suit and disbursements, interest on said damages as allowed, and any and all other relief this Court deems just and proper.

## VI. JURY DEMAND

Plaintiffs Brenda Robinson and William Ray respectfully demand that all triable issues in this matter be tried before a jury.

DATED: May 3, 2022.

**ROSSI VUCINOVICH PC**

 s/ C. N. Coby Cohen
C. N. Coby Cohen, CA Bar #202711
ccohen@rvflegal.com
*Attorneys for Plaintiffs*